IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | NO. 3-95-CR-141-D(02) |
| MARK LINNEAR HAYS | § § | |
| Defendant. | § § | |

### FINDINGS AND RECOMMENDATION OF THE
### <u>UNITED STATES MAGISTRATE JUDGE</u>

Defendant Mark Linnear Hays, a federal prisoner serving consecutive life sentences for conspiracy, obstructing commerce by robbery, and multiple firearms offenses, has filed a *pro se* motion for resentencing pursuant to 18 U.S.C. § 3559(c)(7).[1] As grounds for his motion, defendant alleges that a 1993 California robbery conviction used to enhance his sentence in the federal criminal case now has been dismissed. (*See* Def. Mot. at 4-5). The government has filed a response to the motion and an appendix of evidence containing documents pertaining to the California robbery case. The issues have been briefed by the parties and defendant's motion is ripe for determination.

Defendant was sentenced under the federal "three strikes" law, 18 U.S.C. § 3559(c), which carries a mandatory life sentence if the offense of conviction is a serious violent felony and the defendant has at least two prior convictions for serious violent felonies. One of the prior serious violent felony convictions used to enhance defendant's sentence under this statute was a 1993 robbery conviction out of Los Angeles, California. That case was dismissed at the request of the

---

[1] As a result of defendant's history of abusing the judicial system by filing frivolous post-conviction motions, he has been prohibited from filing any pleadings, motions, or other papers without the permission of a district judge or magistrate judge. *See* Order, 11/6/08. Defendant sought and obtained leave to file the instant motion for resentencing. *See* Order, 8/13/09.

prosecutor in December 2008. (*See* Def. Mot., Exh. II at 2). As a result of that dismissal, defendant argues that he is entitled to be resentenced under section 3559(c)(7), which provides:

> If the conviction for a serious violent felony [ ] that was a basis for sentencing under this subsection is found, pursuant to any appropriate State or Federal procedure, to be unconstitutional or is vitiated on the explicit basis of innocence, or if the convicted person is pardoned on the explicit basis of innocence, the person serving a sentence imposed under this subsection shall be resentenced to any sentence that was available at the time of the original sentencing.

18 U.S.C. § 3559(c)(7).

The documents provided to the government by the Los Angeles County District Attorney's Office show that on August 18, 1993, defendant was convicted *in absentia* of five counts of robbery with a firearm. (Gov't Resp. App., Exh. B at 3). A bench warrant requiring defendant to appear for sentencing remained outstanding until December 2, 2008, when the underlying robbery case was dismissed at the request of the prosecutor. (*Id.*, Exh. A at 3-5). When asked to explain why he sought dismissal of the robbery case, the prosecutor responded:

> The District Attorney's Office had previously been informed that defendant Hays was serving two consecutive life sentences in a federal prison. Although defendant Hays was facing additional prison time on our case (a multi-count armed robbery case in which defendant Hays had been found guilty in 1993), it was decided that sentencing should not be sought due to the cost and inconvenience of transporting defendant Hays to Los Angeles County. If defendant Hays had not been serving the federal sentence, I would have approved the extradition of defendant Hays to Los Angeles County on his California case and he would have been sentenced in due course.

(*Id.*, Exh. A at 2). Nothing in the record suggests that defendant's 1993 California robbery conviction was unconstitutional or "vitiated on the explicit basis of innocence[.]" Rather, it appears that the case was dismissed to avoid the cost and inconvenience of transporting defendant, who is already serving two life sentences, to Los Angeles County. Thus, defendant has failed to satisfy the

statutory requirements for resentencing under section 3559(c)(7).[2]

## RECOMMENDATION

Defendant's *pro se* motion for resentencing [Doc. #371] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 13, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent defendant challenges the sufficiency and admissibility of his 1993 California robbery conviction for sentencing purposes, those arguments were considered and rejected on direct appeal. *See United States v. Hays*, 180 F.3d 261 (Table), 1999 WL 274478 (5th Cir. Apr. 16, 1999), *cert. denied*, 121 S.Ct. 271 (2000).