IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | No. 3:95-cr-141-D (02) |
| | § | |
| MARK LINNEAR HAYS | § | |
| (BOP Register No. 46431-019), | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

On June 24, 2016, the Court appointed the Federal Public Defender for this district (the "FPD") as counsel for Defendant Mark Linnear Hayes, a federal prisoner serving two consecutive life sentences, "to investigate whether he is entitled to post-conviction relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and to pursue such relief through any appropriate proceedings, including appeal." Dkt. No. 424. As the FPD explained in the unopposed motion to appoint counsel for Defendant under 18 U.S.C. § 3006A, "[t]he two life sentences were imposed on Counts Two and Three, [his] convictions for violating 18 U.S.C. § 1951(a) and 18 U.S.C. § 924(c), and were mandatory under the 'three strikes' provision of 18 U.S.C. § 3559(c)." Dkt. No. 421.

It is not clear from the record in this case if Defendant sought preliminary authorization from the United States Court of Appeals for the Fifth Circuit to file a successive motion under 28 U.S.C. § 2255 or pursued some other post-conviction relief. But, on April 9, 2019, the FPD moved to withdraw as counsel for Defendant, explaining that Defendant "now wishes to proceed pro se in future requests for post-conviction relief" and that Defendant "asked [counsel] to file this motion to withdraw." Dkt. No.

427.

Senior United States District Judge Sidney A. Fitzwater referred the motion to withdraw to the undersigned United States magistrate judge for hearing, if necessary, and determination under 28 U.S.C. § 636(b)(1)(A). *See* Dkt. No. 428.

Out of an abundance of caution, and to provide notice to Defendant and an opportunity to respond, the undersigned addresses the motion through these findings of fact, conclusions of law, and recommendation, and recommends that the Court grant the motion to withdraw. Good cause justifies the FPD's request to withdraw. And "[n]o constitutional right to counsel exists in federal postconviction proceedings." *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011) (per curiam) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *see also United States v. Garcia*, 689 F.3d 362, 364-65 (5th Cir. 2012).

## Recommendation and Directions to Clerk of Court

The Court should grant the motion to withdraw [Dkt. No. 427].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Accordingly, the Clerk and Court is DIRECTED to mail a copy to Defendant at the federal correctional institution where he is incarcerated.

Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b); FED. R. CRIM. P. 59. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's

findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 12, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE