IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:95-CR-141-D(2) |
| VS. | § | |
| | § | |
| MARK LINNEAR HAYS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

*Pro se* defendant Mark Linnear Hays ("Hays") moves to correct the Presentence Investigation Report ("PSR") under Fed. R. Crim. P. 36.  He contends that the PSR omits parts of his employment history and educational accomplishments.  For the reasons that follow, the court denies the motion without prejudice.

Rule 36 provides that a district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Rule 36.  Although a PSR is considered part of the record that may be corrected, *United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014), Rule 36 is a "limited tool[] meant only to correct 'mindless and mechanistic mistakes.'"  *United States v. Ramirez-Gonzalez*, 840 F.3d 240, 247 (5th Cir. 2016) (quoting *Mackay*, 757 F.3d at 200).

Here, because Hays does not specify any clerical error contained in the PSR, it is unclear what errors he moves to correct.  Hays contends generally that the PSR omits parts of his employment history and educational accomplishments.  To support this contention,

Hays relies on a declaration that details his work history from when he was 11 years old, his Social Security statement, and income tax documents from the California Franchise Tax Board. His declaration and exhibits, however, do not appear to be inconsistent with the PSR.

The PSR's description of Hays's work experience, for example, appears to be consistent with the declaration and other exhibits. Hays avers that he worked as a private investigator for various clients in California from 1986 until 1993, when he moved to Atlanta, Georgia, and that, upon moving to Atlanta, Hays began the licensing process for his own investigation business. The PSR's description of Hays's employment record is consistent with Hays's declaration. *See* PSR at ¶ 61. Furthermore, the Social Security statement and tax records do not document any employment or income that is clearly inconsistent with the employment history described in the PSR.

And although the PSR does not include a detailed description of Hays's employment history beyond the 10-year period immediately preceding his sentencing, this is not a clerical error. It is Judicial Conference policy that PSRs summarize a defendant's employment history by "detailing employment history for the 10 years before sentencing and describing earlier employment more generally (unless the earlier employment history is directly relevant to sentencing)." *Guide to Judiciary Policy*, Vol. 8, Pt. D, Ch. 3, § 340.60(c)(2). The omission of a detailed description of Hays's earlier employment history is therefore not an error, clerical or otherwise.

It is similarly unclear what clerical error Hays contends the PSR contains with respect to his educational accomplishments. Hays's declaration describes his educational

background, including the fact that he attended both Southwest Community College and El Camino College.  But these facts are documented in the PSR.  *See* PSR at ¶ 59.

*   *   *

Accordingly, Hays's motion to correct the PSR pursuant to Rule 36 is denied without prejudice.

**SO ORDERED**.

November 9, 2021.

SIDNEY A. FITZWATER
SENIOR JUDGE