IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | No. 3:95-CR-141-D(2) |
| | § | |
| MARK LINNEAR HAYS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

*Pro se* defendant Mark Linnear Hays ("Hays") moves *ex parte* to proceed *in forma pauperis* ("IFP") on his appeal of this court's November 9, 2021 memorandum opinion and order denying without prejudice his motion under Fed. R. Crim. P. 36 to correct the Presentence Investigation Report ("PSR"). For the following reasons, the court denies the motion to proceed IFP, and it directs the clerk of court to unseal Hays's motion and the documents that accompany the motion.

I

Hays's motion to proceed IFP and the documents accompanying that motion were filed under seal because Hays designated them as *ex parte*. But "[p]ublic access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *SEC v. Van Waeyenberge*, 990 F.2d 845, 849 (5th Cir. 1993) (citation omitted). Accordingly, there is a "presumption in favor of the public's access to judicial records." *Id.*

The "party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure." *Apple Inc. v. Samsung Elecs. Co*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) (citations omitted). This court's local criminal rules provide, in pertinent part, that "[i]f no statute or rule requires or permits

a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge." N.D. Tex. Crim. R. 55.3. As the party seeking to seal documents, Hays has the burden of overcoming the strong presumption in favor of public access.

Hays has not met this burden. Even construing his filings liberally, he offers no argument for sealing his motion to proceed IFP. Nor is it apparent why his motion should be filed *ex parte* or under seal. Therefore, the court directs the clerk of court to unseal Hays's IFP motion and the documents that accompany it (ECF No. 458).

II

Turning to the merits of Hays's motion, 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a) govern the determination of an IFP motion on appeal. Section 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.*

"To proceed IFP on appeal, [Hays] must meet the financial criteria and must raise a nonfrivolous issue." *United States v. Rodgers*, 838 Fed. Appx. 111, 112 (5th Cir. 2021) (per curiam) (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); 28 U.S.C. § 1915(a)(1)); *see also United States v. Torres*, 450 Fed. Appx. 361, 362 (5th Cir. 2011) (per curiam) (noting that "[a] movant seeking leave to proceed IFP on appeal in a civil case must show that he is a pauper and that the appeal raises nonfrivolous issues. A movant seeking leave to proceed IFP in a criminal case must make the same showing.") (citing, in turn, *Carson*, 689 F.2d at 586; *United States v. Boutwell*, 896 F.2d 884, 888-90 (5th Cir. 1990) (one-judge order circulated to entire court)).[*]

---

[*]*See also United States v. Ramirez*, 429 Fed. Appx. 400, 401 (5th Cir. 2011) (per curiam) ("Insofar as Ramirez argues that the district court erred by applying 28 U.S.C. § 1915 to his IFP motion [—related to his appeal of the district court's denial of his motion under Federal Rule of

"[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." *Kirklewski v. Hamilton*, 2008 WL 906011, at *1 (S.D. Ohio Mar. 31, 2008); *see Coppedge v. United States*, 369 U.S. 438, 445 (1962); *see also McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015) (per curiam) ("By failing to provide argument that addresses the basis of the district court's dismissal, McGarrah has failed to adequately present any argument for this court's consideration. He has thus failed to establish that he will raise a nonfrivolous issue for appeal."); *accord Clark v. Oklahoma*, 468 F.3d 711, 713, 715 (10th Cir. 2006); *see also McCoy v. Harmon*, 738 Fed. Appx. 326, 327 (5th Cir. 2018) (per curiam) ("[G]eneral conclusional assertions" — that lack "facts that would entitle [him] to relief on his [dismissed] claim" — do not satisfy the requirement that a movant "address the district court's reason for dismissal." (citation omitted)).

As to criminal cases, *Boutwell* explains

> that absent a statement of sufficient specificity to enable the court to make a clear determination of the basis for the defendant's appeal, we give great deference to the district court's determination of frivolousness. We will no longer search for, nor create, a ground upon which a defendant's appeal might be considered non-frivolous, and, having no other guidance as to what the defendant might have meant, grant his appeal for fear of denying some valid claim that may be buried somewhere in vague words. Such a basis must be made plain in the motions and any relevant facts must be set forth.

896 F.2d at 890; *accord* Fed. R. App. P. 24(a)(1) (with exceptions, a motion for leave to appeal IFP

---

Criminal Procedure 35—] he is wrong. Ramirez's request for IFP status will be granted if he is unable to pay the costs of the appeal and the appeal is taken in good faith. § 1915(a)(1), (3)." (citing *Boutwell*, 896 F.2d at 888-90)); *but see United States v. Osuna*, 141 F.3d 1412, 1415 (10th Cir. 1998) ("The determination of the frivolousness of a direct criminal appeal is the responsibility of the court of appeals in its determination on the merits of the appeal. To reiterate, the standards of 28 U.S.C. § 1915 do not apply to applications to proceed without prepayment of fees and costs, or for appointment of counsel, in direct criminal appeals.").

filed in district court must include an affidavit that "states the issue the party intends to present on appeal").

Here, Hays's IFP motion does not address this court's memorandum opinion and order denying his motion to correct the PSR, much less identify any non-frivolous issues for appeal. For that reason, and for those articulated in this court's memorandum opinion and order denying Hays's motion to correct the PSR, the court denies his motion for leave to proceed IFP on appeal. Although the court finds that Hays qualifies financially for pauper status, it certifies that his appeal is not taken in good faith.

Hays is advised that, although the court has certified that his appeal is not taken in good faith under § 1915(a)(3) and Fed. R. App. P. 24(a)(3), he may challenge this finding pursuant to *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), by filing a separate motion to proceed IFP in accordance with Fed. R. App. P. 24(a)(5) in the United States Court of Appeals for the Fifth Circuit within 30 days from the date of service of the notice prescribed in Fed. R. App. P. 24(a)(4).

**SO ORDERED**.

January 24, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE